## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROMERIO L. WALKER,

    Plaintiff,

-v-                                                                     Case No. 8:11-CV-614-T-30TGW

MARK HOFSTAD, et al.,

    Defendants.
_____/

## **ORDER**

      Plaintiff, a prisoner proceeding *pro se,* initiated this cause of action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and an Affidavit of Indigency seeking leave to proceed *in forma pauperis* (Dkt. 2). Plaintiff names Mark Hofstad, David Langford, and a "John or Jane Doe," judges with the Tenth Judicial Circuit of Florida, State Attorney Jerry Hill, Assistant State Attorney Graylin Cory Chase, and Richard M.Weiss, Clerk of the Court for Polk County, Florida, as defendants in this action. Plaintiff seeks compensatory and punitive damages.

      Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in
            any event, as soon as practicable after docketing, a complaint in a civil

>    action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>       (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>       (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.

The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a). Because defendants are governmental employees, Plaintiff's complaint is subject to review pursuant § 1915A.

## Discussion

After careful consideration of Plaintiff's complaint, the Court finds that this action is due to be dismissed without need for a response from defendants.

**Judges**

A judge is entitled to absolute judicial immunity from damages for those acts or omissions which occurred while she was acting in her judicial capacity and within her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357, 362 (1978); *Scott v. Hayes*, 719 F.2d 1562, 1563 (11th Cir. 1983). A judge is entitled to this immunity even though she acts "in

excess of [her] jurisdiction, and [her actions] are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356, *quoting Bradley v. Fisher*, 80 U.S. 335 (1872). "Judicial immunity is defeated in only two sets of circumstances: (1) where the judge's actions are non-judicial or (2) where the judge's actions are taken in complete absence of all jurisdiction." *Bevan v. Steele*, 2011 U.S. App. LEXIS 4515 *2 (11th Cir. Mar. 7, 2011) (unpublished opinion) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946-47 (11th Cir. 1985) (citations omitted).

Plaintiff's allegations against the judges do not support the assertion that the purported wrongful conduct of the judges was non-judicial. Instead, the allegations indicate all of the judges' actions were taken as part of the normal conduct of the court, in relation to a case pending before the court. Further, the complaint does not allege, nor assert facts that indicate the matters upon which the judges acted are outside the subject matter jurisdiction of the court over which they preside.[1] Accordingly, Plaintiff's claims against the judges are barred by absolute judicial immunity.

---

[1] Plaintiff's complaint asserts that the court lost jurisdiction over his case because his right to a speedy trial was violated. The issue of an accused's right to a speedy trial, however, is nonjurisdictional in nature. *See Karcher v. Wainwright*, 476 F.2d 179, 180 (11th Cir. 1973) (citation omitted).

**State Attorneys**

It is apparent from the allegations of the complaint that prosecutorial immunity bars recovery on Plaintiff's claims against defendants Hill and Chase. A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously...." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (quotations omitted). Plaintiff's allegations against the prosecutors do not support the assertion that their purported wrongful conduct was outside their role as prosecutors. Thus, defendants Hill and Chase are entitled to prosecutorial immunity.

**Clerk of the Court**

Lastly, Plaintiff's complaint alleges that Plaintiff sent affidavits of indigency to defendant Weiss, the Clerk of the Court for Polk County, Florida, for filing in three separate civil actions. The complaint further alleges that "Plaintiff learned that...[the affidavits]...had been forwarded to Judge Mark Hofstad and not filed, thereby blocking Plaintiff's application for indigency in those civil suits." (Dkt. 1 at p. 13).

It appears that Plaintiff is asserting a denial of access to the courts claim. To state a viable denial of access to the courts claim, Plaintiff must plead actual injury to existing or

contemplated litigation of non-frivolous claims challenging his sentence or conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *see also Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998).  The complaint fails to allege any actual injury to a claim challenging his sentence or conditions of confinement.  Moreover, the court takes judicial notice of information available on the database maintained by the Clerk of Court, Tenth Judicial Circuit, Polk County, Florida, http://www.polkcountyclerk.net, viewed on March 31, 2011, which indicates that an "Inmate Affidavit for Determination of Civil Indigent Status" was filed and docketed in Case Nos. 2011CA-000323, 2011CA-000297, and 2011CA-000296 (Fla. 10th Jud. Cir. Court.). See Fed. R. Evid. 201.  Thus, Plaintiff cannot show any actual injury.  Accordingly, he fails to state a claim on which relief may be granted against defendant Weiss.  28 U.S.C. § 1915A(b)(1).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) (Dkt. 1).

2. The Clerk of Court shall enter judgment against Plaintiff, terminate all pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 4, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*